Dwight *v.* City Council of Springfield.

FREDERICK DWIGHT *vs.* CITY COUNCIL OF SPRINGFIELD.

*Certiorari* lies to the city council of a city, to quash their proceedings in laying out a highway.

After an order of notice had been issued by the committee on streets of a city council on a petition for the extension of a street, another petition praying for such extension, and also that the whole street from its beginning might be laid out and accepted as a highway, was referred to the same committee, who reported in favor of laying out the whole street by one description, which did not distinguish the extension from the other part of the street, and the city council laid out the street accordingly. *Held*, that the city council had no authority, on these proceedings, to lay out any part of the street except the extension prayed for in the first petition; and that the whole laying out was therefore void.

The owner of land over which a street is laid out by a city council, who objects at the hearing before them to the regularity of the proceedings, and gives written notice to the city, before the commencement of the construction of the street, that he intends to take legal measures to protect his rights, is not guilty of laches in waiting six months, until the next term of this court for the same county, before he petitions for a *certiorari.*

PETITION, filed at May term 1855, for a writ of *certiorari* to quash the proceedings of the city council of Springfield, laying out Willow Street in that city, from Union Street to State Street, over the petitioner's land, being entirely upon his land from State Street to Stockbridge Street; and from that point

southerly, for a distance of several rods, being upon his land to about one half the width of the way.    The errors assigned were, 1st.  That no sufficient notice of the proceedings was given ; and 2d.  That the petition on which the proceedings were had prayed for a location of the street for a small portion only of the distance from Union Street to State Street, namely, from the intersection of Stockbridge and Willow Streets to State Street.

The respondents, in their answer, alleged, 1st.  That *certiorari* would not lie to the city council of Springfield., 2d.  That the petitioner had due notice of all the proceedings in relation to the matter complained of.    3d.  That the petition covered the whole of the street from State Street to Union Street.    4th.  That substantial justice had been done, and that the errors and irregularities, if any, were in mere matters of form.    5th.  That the respondents had been at great expense in laying out and working the street, and the petitioner, by his neglect and delay, had waived his right to have the petition granted.

At the hearing before *Bigelow*, J. the following proceedings were proved, by the record of the city council :  A petition, presented by David Smith and others, praying " that a public highway should be laid out from the intersection of Stockbridge and Willow Streets to State Street, being a continuation of said Willow Street," and referred on the 7th of August 1854 to the committee on streets and sidewalks.  A petition of Charles Phelps and others, dated September 1st 1854, praying " that Willow Street, so called, may be continued and opened through to State Street, as prayed for by David Smith and others, and that the whole of Willow Street, after it is continued and opened as aforesaid, may be accepted and established as a public street from Union Street to State Street ; " and referred on the 4th of September to the same committee.  An order, dated September 2d 1854, of " the committee on streets and sidewalks to which was referred the petition of David Smith and others," directing the city marshal to give written notice, in the manner therein prescribed, " to the owners of real estate over which such street is proposed to be laid or altered," of a meeting of the committee to be held on the premises on the 11th of September " for the

purpose of acting upon said petition, and laying or altering said street." The return of the city marshal that he had "notified all the abutters and parties concerned in the petition of David Smith and others for the alteration and continuance of Willow Street, by serving 'on them written notice, as directed." A report, dated October 16th 1854, of "the committee on streets and sidewalks, to which was referred the petition of David Smith and others, and also the petition of Charles Phelps and others in aid of the same," stating "that they caused written notice to be given to all persons and corporations interested in said street, as appears by the officer's return," above stated; that they met accordingly, and after hearing the parties, were of opinion "that the prayer of the petitioners be granted;" and therefore recommending "that Willow Street, running from Union Street to Stockbridge Street, be continued northerly to State Street, and the same be accepted as a city way, in accordance with the following survey and specification of the city engineer, to wit, beginning on State Street at the northeasterly corner of land of the Trustees of the Third Congregational Society, and running thence on the line of State Street northeasterly thirty seven feet to a stake, thence south $39\frac{1}{2}°$ east to the northwest corner of a brick house belonging to David H. Bush, thence south 40° east to Union Street, thence on the line of Union Street southwesterly thirty three feet to land of David Smith, thence north 40° west to the place of beginning;" and that twenty days be allowed to owners of land to take off their trees, fences and other property; and awarding seventy five dollars to the petitioner for his damages. And an order passed by the city council on the 23d of October, "that Willow Street be continued from Stockbridge Street to State Street, and that the same be laid, located and established and accepted as a city way, according to the report of the committee on streets and sidewalks, dated October 16th 1854," and that the city treasurer pay the petitioner the seventy five dollars awarded him as damages.

There was also evidence that the petitioner appeared before the committee on the day when the order of notice was returnable, and objected to the regularity of the proceedings, and

especially to the sufficiency of the notice, and on the 9th of November 1854 filed with the city clerk a notice that he deemed the proceedings illegal and void, and intended to take such legal measures as might be necessary to protect his rights. It did not appear that any part of the street was constructed before this notice was filed. The presiding judge reported the case to the full court.

*J. Wells,* for the petitioner.

*C. A. Winchester,* for the respondents.

DEWEY, J. The decisions of this court, that a writ of *certiorari* will lie to quash irregular proceedings of the mayor and aldermen of Boston in laying out streets or ways therein, furnish a sufficient precedent for a similar writ in cases of the location of streets and ways by the city council, in those cities the charters of which vest this power in the two branches of the city government, called the city council, as is the case in the city charter of Springfield. *St.* 1852, *c.* 94, § 14. *Parks* v. *Boston,* 8 Pick. 218. *Stone* v. *Boston,* 2 Met. 220. *Robbins* v. *Lexington,* 8 Cush. 293.

The petition of David Smith and others was limited to the extension of Willow Street northwardly from the intersection of Stockbridge Street to State Street. The petition of Charles Phelps and others, which contains a further prayer that Willow Street may be accepted and established as a public highway, throughout its whole length, from Union Street on the south to State Street on the north, was referred to the committee on streets, for the first time, after the order of notice had been issued on the first petition. That order therefore must have had reference solely to the petition of David Smith and others. The city council had no authority, upon that petition, to lay out Willow Street throughout the entire distance from State Street to Union Street. The location not being susceptible of division, and a part of it being void for the reason above stated, the whole must be quashed. *Commonwealth* v. *West Boston Bridge,* 13 Pick. 197.

There is no evidence of any such laches on the part of the petitioner as should estop him to maintain his petition.

*Writ of certiorari ordered.*